## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

BRICE EDWARD BENNETT,           :
            Petitioner           :      CIVIL ACTION NO. 3:14-CV-2000
                       :
      v.                   :      (Judge Nealon)
                       :
YORK COUNTY PRISON, et al.,      :
            Respondents          :

## MEMORANDUM

Petitioner, Brice Edward Bennett, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 15, 2014, attacking his convictions in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1). He alleges the ineffectiveness of pre-trial and trial counsel, violations of due process, and abuse of discretion by the trial court. (Id.).

On November 19, 2014, Petitioner filed an amendment to his habeas petition and a motion to proceed in forma pauperis. (Docs. 3 and 4). In his amended habeas petition, Petitioner asks this Court to review two (2) additional separate convictions. (Doc. 4, p. 1).

For the reasons that follow, the petition will be dismissed.

## Background

As to the state court proceedings challenged in Petitioner's original habeas petition: on July 12, 2013, Petitioner was convicted by a jury of retail theft in York

County.  See Commonwealth v. Bennett, CP-67-CR-0000822-2013.  (York

County filed on February 4, 2013).  He was sentenced on October 30, 2013, to a

term of imprisonment of not less than one and a half (1 ½) nor more than three (3)

years.  Id.  He filed a post-sentence motion on November 4, 2013, which was

denied on November 18, 2013.  Id.  Petitioner filed a Post-Conviction Relief Act

("PCRA") petition on December 2, 2013, which is still pending.  Id.  He filed a

notice of appeal in the Pennsylvania Superior Court on December 16, 2013.  Id.

Petitioner's retail theft conviction was affirmed by the Pennsylvania Superior

Court.  Commonwealth v. Bennett, 2231 MDA 2013 (Pa. Super. September 16,

2014).  On October 8, 2014, Petitioner filed a petition for allowance of appeal to

the Pennsylvania Supreme Court, which is still pending.   732 MAL 2014 (Pa.

October 8, 2014).  The instant habeas corpus petition was filed on October 15,

2014.  (Doc. 1).

　　　With regards to the state court proceedings raised in Petitioner's amended

habeas petition, on August 7, 2014, Petitioner was found guilty by a jury of the

charges of public drunkenness, use or possession of drug paraphernalia, and

defiant trespass stemming from an incident that occurred on August 8, 2013, and

also of the charges of public drunkenness and defiant trespass stemming from an

incident that occurred on August 23, 2013.  See Commonwealth v. Bennett, CP-

2

67-CR-0007472-2013 and CP-67-CR-0007517-2013 (York County filed on August 8, 2013 and August 23, 2013, respectively). On September 26, 2014, he was sentenced to a term of imprisonment of no less than six (6) months and to no more than twelve (12) months for both defiant trespass charges that occurred on August 8, 2013 and August 23, 2013, with the sentences for these convictions to run consecutively; to a term of imprisonment of no more or less than thirty (30) days for the August 8, 2013 public drunkenness conviction; to a term of imprisonment of no more or less than ninety (90) days for the August 23, 2013 public drunkenness charge to run consecutively with the August 8, 2013 public drunkenness sentence; and to a term of imprisonment of no more or less than twelve (12) months for use or possession of drug paraphernalia. Id. On October 27, 2014, Petitioner filed two (2) separate notices of appeal to the Superior Court of Pennsylvania, challenging his convictions and sentences for the charges filed under CP-67-CR-0007472-2013 and CP-67-CR-0007517-2013. See Commonwealth v. Bennett, 1811 MDA 2014 and 1814 MDA 2014 (Pa. Super. 2014). On December 12, 2014 the Superior Court of Pennsylvania reviewed the matters of these appeals, and consolidated these two (2) appeals under Pennsylvania Rule of Appellate Procedure 513. Id. This consolidated appeal is still pending with the Superior Court of Pennsylvania. Id.

3

**Discussion**

The Antiterrorism Effective Death Penalty Act ("AEDPA") sets forth a one-year period of limitation to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244. Further, it is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at p. 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also

4

Baldwin v. Reese, 541 U.S. 27 (2004) (holding that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); but see Boyd v. Warden, 579 F.3d 330, 368 (3d Cir. 2009) (holding that the Pennsylvania Supreme Court's Judicial Administrative Order No. 218 deems claims exhausted after having been presented only to the Pennsylvania Superior Court).

Under certain circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court stated that a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at p. 277. A "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" for filing in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). Additionally, "the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from Rhines." Gerber v. Varano,

512 Fed. Appx. 131, 135 (3d Cir. 2013). The United States Court of Appeals for the Third Circuit has provided that thirty (30) days is a reasonable length of time to permit the filing of the post-conviction petition, and that the petitioner should be given another thirty-day reasonable interval after the denial of that relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In the event that a petitioner fails to meet either time limit, however, the stay should be vacated nunc pro tunc. Id. at p. 154.

In the instant action, Petitioner has not exhausted his state court remedies for any of the convictions and sentences involved. With regards to the conviction and sentence rendered in the York County Court of Common Pleas under CP-67-CR-0000822-2013, Petitioner has not exhausted his state court remedies because both his PCRA and his direct appeal with the Supreme Court of Pennsylvania are still pending. With regards to the convictions and sentences rendered in the York County Court of Common Pleas under CP-67-CR-0007472-2013 and CP-67-CR-0007517-2013, Petitioner's consolidated appeal is still pending with the Superior Court of Pennsylvania. His habeas claim challenging these convictions is therefore also unexhausted. Furthermore, a stay and abey is not warranted because the statute of limitations has not yet begun to run. Therefore, Petitioner's habeas corpus petition and the amended habeas petition will be dismissed because the

exhaustion requirements have not been satisfied, and a stay and abey is not
warranted.

A separate Order will be issued.


Dated: February 9, 2015                    /s/ **William J. Nealon**
                                           **United States District Judge**